IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MERCEDES M. BIGGURS, <br> TDCJ No. 2076732, | § <br> § <br> § | |
| Petitioner, | § <br> § | |
| V. | § <br> § | No. 3:20-cv-2033-E-BN |
| DIRECTOR, TDCJ-CID, | § <br> § <br> § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Mercedes M. Biggurs, a Texas prisoner, now challenges four Dallas County convictions – one for aggravated robbery with a deadly weapon; one for theft of property; and two for injury to a child – through a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254 filed on June 24, 2020 [Dkt. No. 3], the date on which she certifies that she placed it in the prison mailing system.[1] *See also State v. Biggurs*, Nos. F08-7650-U, F14-70586-U, F14-70971-U, F14-75674-U (291st Jud. Dist. Ct., Dall. Cnty.), *aff'd*, Nos. 05-16-00560-CR, 05-16-00561-CR, 05-16-00562-CR, 05-16-00563-CR, 2017 WL 6048144 (Tex. App. – Dallas Dec. 17, 2017, no pet.).

United States District Judge Ada Brown referred the federal habeas petition

---

[1] *See* Dkt. No. 3 at 10; RULE 3(d), RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing."); *Uranga v. Davis*, 893 F.3d 282, 286 (5th Cir. 2018) ("We reaffirm that the operative date of the prison mailbox rule remains the date the pleading is delivered to prison authorities.").

to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. The State responded, arguing that Biggurs's habeas claims are time barred. *See* Dkt. No. 8. Biggurs failed to reply, and the deadline by which to do so has expired. *See* Dkt. No. 5.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should deny federal habeas relief.

## Applicable Background

As to each conviction, Biggurs initially pled guilty pursuant to a plea agreement and was placed on deferred adjudication community supervision. On December 9, 2009, she pled guilty to aggravated robbery with a deadly weapon and was placed on deferred adjudication community supervision for three years. *See* Dkt. No. 8-1, Ex. A. And, on August 8, 2014, she pled guilty to the remaining three offenses and was placed on deferred adjudication community supervision for three years, for theft, and for four years, for each charge of injury to a child. *See id.*, Exs. B, C, D.

Biggurs appealed none of the deferred adjudication orders.

The State subsequently moved to adjudicate her guilt in each case, alleging multiple violations of the terms of her probation. *See id.*, Exs. A, B, C, D. And the state court accepted Biggurs's pleas of true as to the violations and, under an open plea, sentenced her to 15 years of imprisonment for aggravated robbery; 2 years for theft; and 10 years for each injury-to-a-child conviction, all to run concurrently. *See id.*

This judgment was affirmed. *See Biggurs*, 2017 WL 6048144. Biggurs did not

petition the Texas Court of Criminal Appeals (the CCA) for discretionary review. *See* Dkt. No. 8-1, Ex. E. But the CCA did deny her state applications for habeas corpus on the findings of the trial court without a hearing. *See Ex parte Biggurs*, WR-89,672-01, -02, -03, -04 (Tex. Crim. App. Aug. 21, 2019); Dkt. No. 8-1, Exs. F, G, H, I.

## Legal Standards

"Federal habeas features an intricate procedural blend of statutory and caselaw authority." *Adekeye v. Davis*, 938 F.3d 678, 682 (5th Cir. 2019). In the district court, this process begins – and often ends – with the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), under which "state prisoners face strict procedural requirements and a high standard of review." *Adekeye*, 938 F.3d at 682 (citation omitted). This is because, "[u]nder AEDPA, state courts play the leading role in assessing challenges to state sentences based on federal law." *Shinn v. Kayer*, 141 S. Ct. 517, 526 (2020) (per curiam).

A state criminal judgment becomes final under AEDPA "when there is no more 'availability of direct appeal to the state courts.'" *Frosch v. Thaler*, No. 2:12-cv-231, 2013 WL 271423, at *1 (N.D. Tex. Jan. 3, 2013) (quoting *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009)), *rec. adopted*, 2013 WL 271446 (N.D. Tex. Jan. 24, 2013).

Finality under AEDPA is complicated here by the fact that adjudication of Biggurs's guilt was initially deferred, that she was instead placed on community supervision, and that she was subsequently adjudicated guilty and sentenced.

> Under Texas law, "a judge may defer the adjudication of guilt of particular defendants and place them on 'community supervision' if they plead guilty or *nolo contendere*." *Tharpe v. Thaler*, 628 F.3d 719, 722 (5th Cir. 2010) (citing TEX. CODE CRIM. P. art. 42.12, § 5(a)). If the defendant

> violates a condition of his community supervision, the court holds a hearing to determine whether it should impose a judgment of guilt. *Id.* If the court convicts the defendant, it also sentences him. *Id.* Two distinct limitations periods then apply for the filing of habeas petitions. One limitations period applies to claims relating to the deferred adjudication order, and another limitations period applies to claims relating to the adjudication of guilt. *Id.* at 724; *see also Caldwell v. Dretke*, 429 F.3d 521, 526-30 (5th Cir. 2005).

*Frey v. Stephens*, 616 F. App'x 704, 707 (5th Cir. 2015); *see also Caldwell*, 429 F.3d at 530 ("Because an order of deferred adjudication community supervision is a final judgment within the plain meaning of AEDPA section 2244, the one-year statute of limitations, for challenging substantive issues of [an order] of deferred adjudication, [begins] to run when the order deferring adjudication [becomes] final."); *Tharpe*, 628 F.3d at 724 (holding that "a habeas claim that challenges a *deferred-adjudication order* and another habeas claim that challenges *a conviction and sentence* involve two different 'judgments' for AEDPA purposes" and "in dealing with two entirely separate and distinct judgments – one a deferred-adjudication order and the other a judgment of conviction and sentence – [federal courts] are dealing with two separate and distinct limitation periods under the AEDPA" (distinguishing *Burton v. Stewart*, 549 U.S. 147 (2007))).

AEDPA establishes a one-year statute of limitations for federal habeas proceedings brought under Section 2254, which runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling – "a discretionary doctrine that turns on the facts and circumstances of a particular case," *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), and only applies in "rare and exceptional circumstances," *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)). "[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Taking the second prong first, "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam) (citation omitted). This "prong of the equitable tolling test is

met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [the litigant's] control." *Menominee Indian Tribe*, 577 U.S. at 257.[2]

But "'[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.' What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (quoting *Holland*, 560 U.S. at 653; footnote omitted).

A showing of "actual innocence" can also overcome AEDPA's statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the petitioner's new, reliable evidence must be enough to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329).[3]

---

[2] *See, e.g.*, *Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam) (holding that because "the FBI did not actually prevent Farmer or any other Plaintiff from filing suit" but instead "advised Farmer that filing suit would have been against the FBI's interest" and "that the RICO claims could be filed after the investigation concluded," "[a]ny obstacle to suit was ... the product of Farmer's mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary circumstance" (citation omitted)).

[3] *See also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as

Analysis

Biggurs raises four federal habeas claims. She first claims that there was no probable cause to arrest her, but it is not clear from the record whether this was an arrest that ultimately ended with a deferred adjudication order or Biggurs's revocation and adjudication of guilty. Her second and third claims are that her counsel during the revocation proceeding and on appeal, respectively, were ineffective. And her final claim also concerns the revocation proceeding. *See* Dkt. No. 3 at 6-7.

Even if the Court finds that all four claims concern the revocation of Biggurs's community supervision and the adjudication of her guilt, each claim is time barred.

Because Biggurs did not file a petition for discretionary review (PDR), the state convictions now challenged through habeas became final under the AEDPA "upon the expiration of the time for seeking further review through the filing of a PDR," *Phillips*

---

opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted)); *Acker v. Davis*, 693 F. App'x 384, 392-93 (5th Cir 2017) (per curiam) ("Successful gateway claims of actual innocence are 'extremely rare,' and relief is available only in the 'extraordinary case' where there was 'manifest injustice.' *Schlup*, 513 U.S. at 324, 327. When considering a gateway claim of actual innocence, the district court must consider all of the evidence, 'old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial.' *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotation marks and citations omitted). 'Based on this total record, the court must make "a probabilistic determination about what reasonable, properly instructed jurors would do."' *Id.* (quoting *Schlup*, 513 U.S. at 329). 'The court's function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors.' *Id.*" (citations modified)).

*v. Quarterman*, No. 3:09-cv-1131-B, 2009 WL 1974302, at *2 (N.D. Tex. July 7, 2009) (citing *Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003)), which was thirty days after the Dallas Court of Appeals affirmed her criminal judgments – or on Monday, January 8, 2018, *see Flores v. Quarterman*, 467 F.3d 484, 485-86 (5th Cir. 2006); *Roberts*, 319 F.3d at 694 (5th Cir. 2003); TEX. R. APP. P. 68.2; TEX. R. APP. P. 4.1(a).

Biggurs filed her state habeas applications on September 6, 2018, *see* Dkt. No. 8-1, Exs. F, G, H, I – less than one year after the state judgments became final – and the CCA's denied those applications on August 21, 2019, *see id.* So, effectively, the 350 days that the state petitions were pending should be added to the one-year anniversary of the state judgment becoming final. *See* 28 U.S.C. § 2244(d)(2). But even doing so means that Biggurs's deadline to file a Section 2254 application was in late December 2019. And she did not file hers until June 24, 2020, some six months too late.

The application is therefore due to be denied as untimely absent statutory or equitable tolling of the limitations period or establishment of actual innocence. But, particularly given that she never replied to Respondent's limitations arguments, Biggurs fails to explain how another provision of Section 2244(d)(1) could apply here, fails to advance a claim of tolling under the narrow actual innocence gateway, and fails to provide allegations that could establish either prong of equitable tolling – that she pursued her rights diligently and that an extraordinary circumstance beyond her control prevented the timely filing of the federal habeas petition.

## Recommendation

The Court should deny the application for a writ of habeas corpus as time barred.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 1, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE